. MARY O'REILLY, Respondent, *v.* THE CITY OF SYRACUSE, Appellant.

*Negligence — injury to a pedestrian from slipping on an even surface of mud in a street paved with asphalt.*

A municipal corporation is not liable for personal injuries sustained by a pedestrian who, while crossing an asphalt-paved street at a street intersection, slips upon a coating of mud which has spread from an unpaved sewer trench on an intersecting street and covers the entire surface of the street with a smooth, level coating an inch and a half or two inches in depth, although such condition has existed for a period of six weeks prior to the accident.

APPEAL by the defendant, The City of Syracuse, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 24th day of April, 1899, upon the verdict of a jury for $400 rendered after a trial at the Onondaga Trial Term, and also from an order entered in said clerk's office on the 22d day of April, 1899, denying the defendant's motion for a new trial made upon the minutes.

The action was commenced on the 26th day of July, 1898, to recover damages alleged to have been sustained by the plaintiff in falling upon Montgomery street in the city of Syracuse, N. Y., on the 25th day of May, 1898, through the negligence of the defendant.

*James E. Newell,* for the appellant.

*F. W. Talbott,* for the respondent.

McLENNAN, J.:

Assuming that all the facts bearing upon the question of defendant's negligence are as claimed by the plaintiff, we are of the opinion

that she failed to establish a cause of action. Those facts may be briefly stated as follows:

Montgomery, one of the principal streets in the city of Syracuse, extends north and south, and is crossed at right angles by Jefferson street. At the point of intersection and for several blocks in either direction, at the time of the accident, Montgomery street was paved with asphalt, from curb to curb. There were no crosswalks proper upon Montgomery street, and pedestrians crossed the street upon the line of the sidewalks of the intersecting streets, using the asphalt surface as crosswalks. At the time of the accident the defendant had constructed a sewer in about the middle of Jefferson street, cutting through the asphalt pavement on Montgomery. The sewer trench had been filled with earth, but the asphalt pavement over the sewer had not been replaced.

This condition had existed for a period of six weeks prior to the accident. The travel upon the street had caused earth from the sewer and from other sources to spread upon Montgomery street, and the rain and the earth made a coating of " gluey, clayey " mud over the entire surface of the street, from one and one-half to two inches in depth. The mud was of the same thickness and of the same character at the place used by pedestrians as a crosswalk as upon the other portions of the street. The surface of the entire street in the vicinity of the place of the accident was covered with a smooth, level coating of very " slippery mud," about an inch and a half to two inches in depth. There were no obstructions or ridges ; no depressions in the pavement, or any other defect alleged or complained of.

The plaintiff did not cross or go near the place where the sewer had been dug ; did not trip or slip upon any obstruction, and it is not claimed that the asphalt pavement was not in perfect condition. This condition existed for several weeks prior to the accident, and for such length of time that the defendant knew or ought to have known of its existence. On the 25th day of May, 1898, at noon, the plaintiff was crossing Montgomery street to go to her home ; she slipped in the mud, fell and struck her knee on the curb and sustained the injuries complained of.

Our attention has not been called to any case where a pedestrian has sought to recover damages against a municipality on account of

an accident which resulted because it failed to keep its streets free from mud, or because they were permitted to become slippery on account thereof, and we know of no principle which would justify a holding that such failure on the part of a municipality constitutes actionable negligence.

An inch of snow falling upon a smooth asphalt pavement might render a street slippery, yet the failure to remove such coating of snow would not render a municipality liable to a person who slipped and fell by reason thereof and sustained injury.

During a wet season all unpaved streets necessarily become covered with mud to a greater or less depth, and thus become slippery, and a pavement of any character, under certain conditions of weather, may become slippery and in such condition that a pedestrian may readily slip thereon, but this alone does not establish actionable negligence on the part of a city.

A municipality is not charged with the duty of keeping its streets and crosswalks in such condition that a traveler may not slip and fall. If in this case it had appeared that at the place of crossing the mud had been allowed to remain in ridges, or to make an uneven surface, and on account thereof the plaintiff had fallen, a different question would have been presented.

We are not disposed to hold that a municipality is liable to a traveler upon a street who may slip and fall and thereby sustain injury simply because an inch and a half or two inches of mud was permitted to accumulate and remain upon such street when spread evenly over its entire surface.

It is concluded that the evidence in this case failed to establish actionable negligence on the part of the defendant. Having reached the conclusion above indicated, it is unnecessary to consider the other questions presented by this appeal.

It follows that the judgment and order appealed from should be reversed and a new trial granted, with costs to the appellant to abide event.

All concurred.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.