## BRENNAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 15, 1909.)

1. APPEAL AND ERROR (§ 1099*)—REVIEW—SUBSEQUENT APPEALS—TESTIMONY CHANGED TO MEET DEFECTS.

Testimony changed to meet defects or obviate objections pointed out by the appellate court on reversal arouses suspicion, and demands the closest scrutiny, and, when deliberate and dishonest, cannot be allowed to uphold a verdict.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1099.*]

---

2. MUNICIPAL CORPORATIONS (§ 771\*)—SIDEWALKS—REMOVAL OF SNOW AND ICE.

    The mere allowing of snow and ice on a crosswalk does not render the city negligent, and it is not bound to keep the streets free from snow and slush; but if it should negligently allow snow and ice to accumulate in a particular place, until it becomes of a permanent nature and a dangerous obstruction to pedestrians, then it would be liable.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1627; Dec. Dig. § 771.\*]

3. MUNICIPAL CORPORATIONS (§ 819\*)—SIDEWALKS—SNOW AND ICE—EVIDENCE.

    Evidence *held* to show that an icy condition of a city crosswalk was a temporary condition caused by a recent snowstorm, with succeeding thawing and freezing and the ordinary travel in the street, and was not a permanent dangerous obstruction.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 819.\*]

4. MUNICIPAL CORPORATIONS (§ 792\*)—SIDEWALKS—SNOW AND ICE.

    Where an icy condition of a crosswalk was caused by a 2½ inch fall of snow, which commenced in the morning of the 14th of the month and continued at intervals until the morning of the 15th, and plaintiff was injured by falling on the ice on the evening of the 16th, even if the condition was a dangerous accumulated obstruction, for which the city would be liable, it had not existed so long at the time of the injury that knowledge of it could be imputed to the city.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1652; Dec. Dig. § 792.\*]

    Woodward, J., dissenting.

Appeal from Trial Term, Kings County.

Personal injury action by Sadie Brennan against the City of New York. There was a verdict for plaintiff, and from an order setting it aside, and granting a new trial, and granting a motion to dismiss, which was reserved until after verdict, and from the judgment dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 123 App. Div. 7, 107 N. Y. Supp. 455.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Robert Stewart, for appellant.

James D. Bell (James W. Covert, on the brief), for respondent.

GAYNOR, J. The plaintiff fell at the corner of Bridge and Nassau streets as she was crossing or about to cross Nassau street on the crosswalk. A judgment for her on a former trial was reversed. 117 App. Div. 849, 103 N. Y. Supp. 266. She got a verdict again, but the trial judge set it aside, and this appeal is from his order.

The plaintiff testified on the former trial that she "slipped on the curb" and in that way fell down upon the crosswalk, and was corroborated by two witnesses; but there was no evidence of any snow or ice on the curb, or the sidewalk at the curb. On the present trial she abandons her former testimony, and testifies that she slipped on the crosswalk two or three steps from the curb, and fell there. She drops one of the witnesses who formerly corroborated her, and the other one displays a purpose to change his former evidence to correspond

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to the change by her, but taken as a whole it is that he did not see her slip at all, but only saw her lying there, or just as she reached the ground in falling. Testimony changed to meet defects or obviate objections pointed out by the court on reversal on appeal, arouses suspicion and demands the closest scrutiny; and when deliberate and dishonest cannot be too severely reprobated or suffered to uphold a verdict.

The claim is that the plaintiff slipped on hard or packed snow or ice on the crosswalk. It is not enough to show snow or ice to show that the city was negligent. In this variable winter climate of ours, falls of snow, followed by rain, or by thawing, and then by freezing, and so alternating from day to day, are common. The city is in no way responsible for such conditions; nor is the impracticable duty put upon it of keeping the streets free of such snow and slush. This general condition all over the city is the work of nature, and cannot be guarded against.

But if the city should negligently suffer snow and ice to remain and accumulate in a particular place, until it become of a permanent nature, and a dangerous obstruction to pedestrians, then it would be liable, and this is the measure of its liability. The case of Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, is one out of other cases instructive of all this, which should be well heeded in the trial of causes like this, and the reasons and rules laid down therein fully explained and charged to the jury.

The undisputed facts in the present case are that there was a fall of snow from 8:12 to 8:28 a. m., and again from 10:45 a. m. to 2:13 p. m., on February 14th, and again from 7:14 p. m. of that day to 3 a. m. of the next day, the 15th; the fall was 2.4 inches; on the 14th the temperature ranged from 34 to 24, and on the 15th from 29 to 11, and on the 16th from 2 to 1, above zero; the accident happened at about 8:30 p. m. on the 16th; the crosswalk is described by the plaintiff; "it looked" (she says) "as if it was not cleaned; rough hard snow and ice that was tramped on;" her witnesses described it similarly; the tramped snow and ice, which is the utmost that it can be called, was possibly two inches thick; "there was snow in the centre of the street, snow all over;" the street "outside of the crosswalks was piled up from the sidewalks, in the gutters"; such is the evidence.

It is manifest that the crosswalks could not be kept free of snow and slush during the period in question, if the city had any such duty; the locality was a busy one, and the streets covered with snow which every passing vehicle and horse carried along and dropped everywhere. No such impossible task belongs to the city. There must be reason in all things, even in an action for damages against a city. Those who want to have cities made liable for all street accidents, negligence or no negligence by the city, should get themselves or others of their view into the Legislature and pass such a law. The courts have to take the law as it is, and not make law, nor disregard law, nor override law.

And if it were conceded that there was a dangerous accumulated obstruction in this case, the evidence does not show that it was there that long that knowledge of it could be imputed to the city. On the contrary, the evidence for the plaintiff shows that the condition was due

to the long snow fall, with the succeeding thawing and freezing, and the ordinary travel in the streets; and it further shows (if that needed to be considered) that the city was all the while from the time the snow fall ceased putting forth every effort to clean the streets of the snow and slush. The statement that the evidence would allow an inference that the crosswalk had a dangerous obstruction from a prior snowstorm must be inadvertent. There is no such proof, but on the contrary that the city cleared away that snow. No loose inference is allowable; it was for the plaintiff to prove the existence of such previous obstruction. And finally, there was no proof of any dangerous obstruction, but rather of a frequent temporary condition in this climate for which cities are not liable.

The order made on the motion on the minutes which set aside the verdict and granted a new trial affirmed; order and judgment dismissing the complaint affirmed.

Order setting aside the verdict on the motion made on the minutes, under section 999 of the Code of Civil Procedure, affirmed, with costs. Order dismissing the complaint on the motion to dismiss, which was reserved until after verdict, and the judgment thereon, affirmed, with costs. All concur, except WOODWARD, J., who dissents.

WOODWARD, J. (dissenting). On a previous trial of this action the jury found a verdict in favor of the plaintiff. On appeal to this court the judgment was reversed on the ground that the evidence did not support the cause of action set forth in the complaint. The case was sent back for a new trial, and this has resulted in a second verdict of the jury for the plaintiff, which, on motion, has been set aside as contrary to law; appeal coming to this court from the order as well as from the judgment entered upon such order.

Upon the first trial the evidence did not point out clearly where the accident occurred. The complaint alleged that it occurred by reason of a dangerous condition of the crosswalk, while the evidence seemed to indicate that the plaintiff slipped upon the curb and fell upon the crosswalk. It also appeared from the evidence on the previous trial that the fall of snow which apparently produced the accident was of very recent date, bringing the case within the rule laid down in Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, in the opinion of the court, notwithstanding that it appeared that the city of New York, by its own rules, had laid down a higher degree of care for the crosswalks in the locality of this accident than that held to be necessary in the case cited. On the last trial the evidence was clear that the plaintiff slipped upon ice which had been permitted to accumulate upon this crosswalk, where the defendant had assumed the duty of immediate removal of snow, and there was evidence from which the jury might properly have found that the icy condition of this sidewalk was not due to the fall of snow of less than two inches, light and of little consequence, just before the accident, but that it dated back a period of some two weeks, when there was a fall of five or six inches of snow, and which alone could have produced ice of the thickness that was testified to by some of the witnesses. The learned trial court reserved decision on a motion to nonsuit, and sent

the case to the jury upon a charge which was certainly fair to the defendant, and, upon the jury finding in favor of the plaintiff, on motion set the verdict aside.

It may be conceded that this is a close case; but if it is true, and the jury have so found, presumptively, that this icy and dangerous condition of the crosswalk was due to the snowfall of two weeks prior to the accident, then the conditions were such as to call upon the defendant to act, and while there is evidence in the case tending to show that the defendant did act, that it had its men on hand, properly equipped to do the work of cleaning these crosswalks, yet the evidence is sufficient to warrant the jury in concluding that this work was not properly done, under all the surrounding circumstances, and that the defendant was negligent in the discharge of a duty which it had voluntarily assumed toward this plaintiff and others lawfully making use of this crosswalk. The case, as pointed out on the previous appeal in a dissenting opinion, is hardly parallel with the Taylor Case; and, the defendant having had the advantage of two trials, it would seem proper that the verdict of the jury in this case should be sustained.

· The order and judgment appealed from should be reversed and the verdict of the jury reinstated, with costs.