MARGARET J. OSBORNE, Respondent, *v.* VILLAGE OF NORTH TARRYTOWN, Appellant.

Second Department, November 23, 1917.

**Municipal corporations — negligence — when village not liable for injuries sustained by slipping on wet leaves on sidewalk.**

A village is not liable for injuries to a pedestrian who fell on a sidewalk overhung by shade trees and covered with wet autumn leaves, where the walk had no defect and nothing indicating negligence appeared beyond the walk being made slippery by the moistening of the leaves by rain on the day of the accident.

A village is not an insurer of the safety of persons traveling its streets, nor is it bound to furnish an absolutely safe and proper highway under all circumstances.

APPEAL by the defendant, Village of North Tarrytown, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of said county on the 11th day of June, 1917, upon the verdict of a jury for $550, and also from an order entered in said clerk's office on the 7th day of July, 1917, denying defendant's motion for a new trial made upon the minutes.

*John J. Sinnott,* for the appellant.

*George C. Andrews,* for the respondent.

PUTNAM, J.:

Plaintiff sued to recover for a fall and fracture of the left wrist. on the 29th day of September, 1916, charging negligence of the village of North Tarrytown in permitting wet leaves to lie upon the sidewalk of Washington street in that village.

Plaintiff daily used this walk, overhung by shade trees along both sides. Leaves from these trees had remained on this sidewalk for about ten days, in some parts to a depth of seven inches. About noon of the day of the accident rain began. Plaintiff slipped and fell about three P. M.

May negligence be attributed to the village for failing to remove these leaves?

Defendant is not an insurer of the safety of persons traveling its streets, nor is it bound to furnish an absolutely safe and proper highway under all circumstances. (*Hubbell*

v. *City of Yonkers,* 104 N. Y. 434; Dillon Mun. Corp. [5th ed.] § 1697.) Plaintiff admitted that, where she fell, the sidewalk was in good condition. There was no ridge, unevenness or obstruction. There were simply autumn leaves, which in and of themselves were not dangerous. Something more than a slippery sidewalk must be shown to enable one suffering from it to cast the burden of compensation upon the city. (*Kinney v. City of Troy,* 108 N. Y. 567.) No liability attaches as matter of course for falls upon slippery pavements. (*O'Reilly v. City of Syracuse,* 49 App. Div. 538.) Here no fact was shown indicating negligence by the village, except that there were leaves on the sidewalk, which were made wet by a rainstorm on the day of the accident. In the fall of the year, the time for storms and winds, every shaded street may become more or less covered with leaves. Such a condition of its streets cannot be prevented.

A village is not liable for an injury from wet leaves, where the sidewalk had no defect, and nothing indicating negligence appeared, beyond a walk made slippery by leaves moistened by one or two hours of rain.

The judgment and order of the County Court of Westchester county should, therefore, be reversed, and the complaint dismissed, with costs.

JENKS, P. J., THOMAS, RICH and BLACKMAR, JJ., concurred.

Judgment and order of the County Court of Westchester county reversed, and complaint unanimously dismissed, with costs.