[No. 21064. En Banc. July 8, 1929.]

Louis R. Gabrielsen, *Respondent*, v. The City of Seattle *et al.,*
*Appellants.*[1]

*Thomas J. L. Kennedy, Arthur Schramm,* and *A. C. Van Soelen,*
for appellant City of Seattle.

*Roberts, Skeel & Holman* and *Altha Perry Curry,* for appellants
Pacific Telephone & Telegraph Co. *et al.*

*Riddell & Brackett* and *T. N. Fowler,* for respondent.

Per Curiam.—Upon a rehearing *En Banc,* a majority of the court
adheres to the opinion heretofore filed herein, and reported in 150
Wash. 157, 272 Pac. 723. The judgment is therefore affirmed in part
and reversed in part, in accordance with that opinion.

Holcomb, J., (dissenting)—Although it is now a useless labor
to discuss the matter, I feel bound by my convictions to dissent from
the majority as to the liability of Seattle. This I feel the more
impelled to do also because I feel that we are inviting, by this de-
cision, much future trouble.

It is true, as was observed in the department's decision, *supra,*
that "the city must exercise reasonable diligence in keeping its
streets safe for ordinary travel". But the city is not an insurer
of safety of travel on its streets. It is bound only to exercise reason-
able care. The street was well paved and there were no defects or
uneven places in it. The city did not deposit the oil and grease on
the street. It was more or less natural. A sudden rainfall makes
it worse.

We have held that a city is not liable for accidents occasioned
by mere slipperiness caused by ice or snow upon the street if the
street itself is not defective, or the ice or snow so uneven, rounded
up, or at such an incline as to make it unsafe for travel with the
exercise of due care. *Calder v. Walla Walla,* 6 Wash. 377, 33 Pac.
1054.

The accumulation of an inch or two of mud upon a smooth,
even street, rendering the street slippery, was held in *O'Reilly v.
Syracuse,* 49 App. Div. 538, 63 N. Y. Supp. 520, not to create liab-
ility on the part of the city, because

[1]Reported in 278 Pac. 1071.

"A municipality is not charged with the duty of keeping its streets and cross-walks in such a condition that a traveler may not slip and fall."

So, also, the accumulation of leaves on a sidewalk made wet by a rainstorm and causing the sidewalk to become slippery, was held not to make a municipality liable. *Osborne v. Tarrytown*, 180 App. Div. 224, 167 N. Y. Supp. 681.

Under the modern conditions in every large city such as Seattle, the very density and continuity of traffic itself prevents the frequent removal of such great quantities of wastage from multitudes of gas-driven vehicles so as to keep such streets in safe condition, especially after a sudden rain.

The only foundation I can see for the majority decision is that the city is bound to use such care to keep its streets in a condition as that a vehicle may not skid or a pedestrian slip. Such care is practically making an insurer of the municipality, and is almost impossible.

For these reasons I am obliged to dissent.

BEALS and TOLMAN, JJ., concur.