CATHERINE I. COSGROVE, as Administratrix, etc., of CATHERINE COSGROVE, Deceased, Respondent, v. THE CITY OF NEWBURGH, Appellant, Impleaded with JOHN O'NEILL and Another, Respondents.

Second Department, March 25, 1935.

*Raphael A. Egan [Stanley B. Johnson, Corporation Counsel,* with him on the brief], for the appellant.

*Russell Wiggins,* for the plaintiff, respondent.

YOUNG, J. This is an action to recover damages for the death of plaintiff's intestate, a passenger in an automobile owned by defendant O'Carroll and driven by another with the owner's consent. By reason of the presence of ice on a public highway in the city of Newburgh the automobile skidded onto a railroad track and was struck by the locomotive of a passing freight train, causing the death of plaintiff's intestate. The plaintiff recovered a judgment against defendant the city of Newburgh.

The court charged the jury that, inasmuch as the city manager had knowledge of the conditions existing on Renwick street, where the accident happened, no written notice was required as provided by section 132 of the charter of the city of Newburgh (Laws of 1917, chap. 5C0).

Upon this question it appears that the city manager was present on January 25, 1930, four days before the accident, at a large fire in a boiler works situated on the west side of South Colden street, about fifty or seventy-five feet north of its intersection with Renwick street, and knew of the conditions there existing, and that before he left on that day a slight sprinkling of ashes was made upon Renwick street.

Plaintiff contends that this treatment was entirely insufficient and that the street remained icy, slippery and in a dangerous condition from a time shortly after the ashes were applied down to the time of the accident.

The appellant contends that inasmuch as the city manager testified that the center of Renwick street was not even wet at the time the ashes were applied, he had no knowledge of a dangerous condition. It appears beyond question, however, that he saw the street when it was partly covered with water that had been used in the extinguishment of the fire, and that, before he left, ashes were sprinkled upon the entire street. He then went away and never returned to view the street for several days and until the accident happened; there was ample evidence to show that, meanwhile, the street was continuously slippery and dangerous.

Under these circumstances, we think that the city manager is to be charged with knowledge of the conditions existing in the street;

that in ashing the same he recognized the condition as dangerous, and that no notice as provided by section 132 of the city charter was necessary.

The amended judgment should be affirmed, with costs.

SCUDDER, J., concurs; LAZANSKY, P. J., concurs for affirmance upon the ground that section 132 of the charter of the city of Newburgh does not apply to a case such as this. It is only where the snow and ice result from natural causes that notice must be given; CARSWELL and JOHNSTON, JJ., dissent and vote for reversal and a new trial upon the ground that whether, under the circumstances disclosed by the record, the city manager had knowledge of the dangerous condition of the street was a question of fact and the court erred in charging as matter of law that the city had notice.

Amended judgment affirmed, with costs.