LESTER E. HOOKER, Respondent, *v.* TOWN OF HANOVER, N. Y., and COUNTY OF CHAUTAUQUA, N. Y., Appellants.

GUSTAVE C. HAUSSER, Respondent, *v.* TOWN OF HANOVER, N. Y., and COUNTY OF CHAUTAUQUA, N. Y., Appellants.

Fourth Department, May 20, 1936.

624

*Glenn W. Woodin*, for the appellant County of Chautauqua.

*Robert P. Galloway* [*Glenn W. Woodin* of counsel], for the appellant Town of Hanover.

*Thomas P. Heffernan* [*Albert J. Foley* of counsel], for the respondents.

EDGCOMB, J.   On the evening of January 11, 1934, the plaintiffs were driving in a northerly direction over a highway in the town of Hanover, Chautauqua county.   As they approached a bend in the road, at a point near a hamlet known as Smith Mills, the car skidded upon a smooth film of ice covering the pavement, and slid into the abutment of a bridge, and the plaintiffs were injured. They have been awarded verdicts against both the town and the county, upon the theory that each defendant was negligent in permitting this slippery condition to exist in the highway.   We find no evidence in the case which justifies such conclusion.

As no attempt is made to differentiate between the duty which rests upon the town and the county to keep this county highway in a reasonably safe condition, we find it unnecessary to discuss that question.   Neither defendant seeks to shift the responsibility for the accident on the other.   Both claim that neither was negligent.

The highway in question was a macadam road, the traveled portion of which was eighteen feet wide.   There was no defect

in the pavement itself, and the only negligence charged is the failure of the defendants to cover the ice with sand, cinders or other substance which would give a proper traction to the wheels of vehicles passing over it, and prevent them from skidding.

There is evidence that this icy condition of the road was known to both the town and county authorities, and that it had existed for several days prior to the accident, and that other portions of the road had been sanded the day before the accident.

It is very true that a duty rested upon the proper authorities to keep this highway in a reasonably safe condition for travel, but that duty falls far short of making it safe under all circumstances, even for those who use it properly. Neither defendant was an insurer of the safety of persons traveling over the highways within their territorial limits. (*Hubbell* v. *City of Yonkers*, 104 N. Y. 434, 438; *Lane* v. *Town of Hancock*, 142 id. 510, 521; *Dorn* v. *Town of Oyster Bay*, 84 Hun, 510, 513; affd. on opinion below, 158 N. Y. 731; *Wade* v. *Town of Worcester*, 134 App. Div. 51, 52.)

What would be proper care in one instance would be entirely inadequate under different circumstances. A greater obligation rests upon a municipality in respect to a much traveled thoroughfare in a city or thickly settled portion of the community, than exists where the road runs through an isolated section of the country. (*Stedman* v. *Town of Osceola*, 147 App. Div. 220, 223; *Glasier* v. *Town of Hebron*, 131 N. Y. 447, 452; *Dorn* v. *Town of Oyster Bay*, 84 Hun, 510, 513; affd. on opinion below, 158 N. Y. 731; *McKone* v. *Village of Warsaw*, 187 id. 336, 339.)

The spot where the accident in question occurred was in the open country, remote from any city or village. There were 98.2 miles of highway in the town of Hanover, and 1,969 miles within the county of Chautauqua. To require the highway authorities to sand every portion of these roads whenever they become coated with ice in the long and severe winters in this locality would impose upon the municipalities an unreasonable, unwarranted and unjustified burden. They are not obliged to keep the highways within their borders in such a condition that vehicles will not skid or slide.

A municipality is not liable for injuries occasioned merely by an icy or slippery condition of its highways, caused by action of the elements. Such danger is well known to all residents of this locality, and one to which those who use our streets and highways during the winter months are constantly exposed. (*Harrington* v. *City of Buffalo*, 121 N. Y. 147, 150; *Anthony* v. *Village of Glens Falls*, 4 App. Div. 218; affd., 153 N. Y. 682; *Brennan* v. *City of New York*, 130 App. Div. 267; affd., 197 N. Y. 544; *O'Reilly* v.

*City of Syracuse,* 49 App. Div. 538; *Taylor* v. *City of Yonkers,* 105 N. Y. 202, 206; *Kaveny* v. *City of Troy,* 108 id. 571; *Hagen* v. *Village of Montgomery,* 268 id. 709; *Osborne* v. *Village of North Tarrytown,* 180 App. Div. 224; *Gaffney* v. *City of New York,* 218 N. Y. 225.)

The accident involved in many of the above cited cases occurred in cities or villages where, as already noted, the rule in relation to the care of streets is more stringent than it is in sparsely settled communities, and many of the mishaps took place on a sidewalk where the rule of liability with reference to the presence of snow and ice is more severe than it is in relation to the roadway. (*Williams* v. *City of New York,* 214 N. Y. 259, 266.)

The ice at this point was not permitted to remain and accumulate until it became a permanent obstruction, nor can it be said to have constituted an unusual or exceptional interference with travel. It was a condition which is common to all highways in this locality in our variable winter climate when rain and snow are followed by freezing temperatures. The case, therefore, does not come within the rule laid down in *Williams* v. *City of New York* (214 N. Y. 259); *Brennan* v. *City of New York* (130 App. Div. 267; affd., 197 N. Y. 544), and kindred cases.

Neither can it be said that there was anything about the spot where the accident occurred which takes the case out of the general rule, and which rendered the highway more dangerous by reason of the action of the elements than would ordinarily occur, and thus impose a greater duty upon the municipality to keep the road free from ice than existed at other places. True, there was a bend in the road, and a down grade, varying from five and one-half per cent to one and eight-tenths per cent over a distance of 600 feet, as the traveler approached the bridge. But this condition did not constitute a defect in the road. Curves and grades have always existed in our highways, and in a rolling, hilly country they cannot be eliminated. The situation which exists at the point of this accident is no different from that which may be found in many localities all over the State.

*Cosgrove* v. *City of Newburgh* (244 App. Div. 104), relied upon by the respondent, is clearly distinguishable from the case at bar. In that case the city was responsible for the street being flooded with water which subsequently froze. Here the water which eventually turned into ice was due to natural causes, and not to any act on the part of either defendant.

We fail to discover any failure on the part of either defendant to perform the duty which it owed the plaintiffs, and for that reason we think the trial court erred in sending the case to the jury. We

favor a reversal of the judgment, and a dismissal of the complaint in each case.

In Hooker case: All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.

In Hausser case: All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.