■ BiBi Rakeeba Misir, Appellant, v Beach Haven Apartment No. 1, Inc., Respondent. [820 NYS2d 892]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of Supreme Court, Kings County (Kramer, J.), dated July 18, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly fell when she walked through a pile of wet leaves approximately four feet wide on a driveway adjacent to the defendant's building. The plaintiff claimed she had observed the pile of leaves upon exiting the defendant's building and walking down the driveway on her way to a store approximately 20 minutes prior to her fall.

Upon returning from the store, the plaintiff walked in the pile and fell, allegedly sustaining injuries. The plaintiff also claimed that she saw the pile of leaves three days before the date that she fell.

The defendant made a prima facie showing that the complained-of condition was both open and obvious, i.e., readily observable by those employing the reasonable use of their senses, and not inherently dangerous (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Sun Ho Chung v Jeong Sook Joh,* 29 AD3d 677 [2006]; *Osborne v Village of N. Tarrytown,* 180 App Div 224 [1917]; *Webber v Miller,* 17 AD3d 352 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the pile of leaves constituted a dangerous condition or whether the pile was open and obvious. Accordingly, summary judgment was properly granted in favor of the defendant. Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur. [*See* 8 Misc 3d 1017(A), 2005 NY Slip Op 51129(U) (2005).]