■ IRENE BROWN et al., Respondents, v MELVILLE INDUSTRIAL ASSOCIATES, Appellant. [823 NYS2d 697]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated July 27, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff Irene Brown allegedly tripped on a rock in a parking lot adjacent to the defendant's building near a median. The plaintiff claimed she observed the rock, which was approximately the size of a half dollar, after stepping on it.

The defendant made a prima facie showing that the complained-of condition was both open and obvious, i.e., readily observable by those employing the reasonable use of their senses, and not inherently dangerous (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]; *Sun Ho Chung v Jeong Sook Joh,* 29 AD3d 677 [2006]; *Webber v Miller,* 17 AD3d 352 [2005]; *DeLaurentis v Marx Realty & Improvement,* 300 AD2d 343 [2002]; *Osborne v Village of N. Tarrytown,* 180 App Div 224 [1917]; *see also Capozzi v Huhne,* 14 AD3d 474 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the rock in the parking lot constituted an inherently dangerous condition or whether it was open and obvious (*see Misir v Beach Haven Apt. No. 1, Inc.,* 32 AD3d 1002 [2006]; *Capozzi v Huhne, supra; DeLaurentis v Marx Realty & Improvement, supra*). Accordingly, the Supreme Court improperly denied the defendant's motion for summary judgment. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.