■ Valerie Lawrence, Appellant, v Darden Restaurants, Inc., Olive Garden 1558, Respondent, and Gateway Center Properties, I, LLC, Defendants/Third-Party Plaintiffs-Respondents. L. Peres & Associates, Inc., Third-Party Defendant-Respondent. [56 NYS3d 543]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated March 30, 2015, which granted the motion of the defendant Darden Restaurants, Inc., Olive Garden 1558, joined by the defendants Gateway Center Properties I, LLC, and SMR Gateway I, LLC, and the third-party defendant, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff alleges that she sustained personal injuries when she slipped and fell outside of a mall owned by the defendant Gateway Center Properties, LLC, in which the defendant Darden Restaurants, Inc., Olive Garden 1558 owned and operated a restaurant known as "Olive Garden" (hereinafter the Olive Garden). The Olive Garden used small decorative stones outside as part of its landscaping, and the plaintiff alleged that two or three of the stones were in the parking lot. After exiting the Olive Garden at approximately 1:00 p.m. on June 17, 2008, the plaintiff walked to the parking lot toward her car, but fell before reaching it. She alleged that her fall resulted from stepping on one of the Olive Garden's stones.

The Olive Garden made a prima facie showing that the complained-of condition was both open and obvious, i.e., readily observable by those employing the reasonable use of their senses, and not inherently dangerous (see Scalice v Braisted, 116 AD3d 755 [2014]; Brown v Melville Indus. Assoc., 34 AD3d 611 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Olive Garden's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.