Humphrey v Starrett City, Inc. (2018 NY Slip Op 05833)





Humphrey v Starrett City, Inc.


2018 NY Slip Op 05833


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-09099
 (Index No. 504323/13)

[*1]Amie Humphrey, appellant, 
v
Starrett City, Inc., et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for appellant.
Brody & Branch, LLP, New York, NY (Tanya M. Branch and Mary Ellen O'Brien of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 22, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when, while pushing a dolly loaded with crates of food up an access ramp owned by the defendants, she slipped on leaves and flowers, slid backward, and was pinned by the dolly against the wall of the ramp. She did not fall to the ground.
On their motion for summary judgment, the defendants made a prima facie showing that the subject condition was both open and obvious, and not inherently dangerous (see Correnti v Chinchilla, 131 AD3d 1095; Scalice v Braisted, 116 AD3d 755; Zegarelli v Dundon, 102 AD3d 958; Seelig v Burger King Corp., 66 AD3d 986; Brown v Melville Indus. Assoc., 34 AD3d 611; Misir v Beach Haven Apt. No. 1, Inc., 32 AD3d 1002). In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the plaintiff's remaining contentions. .
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court