■ PATRICIA A. AHNERT et al., Appellants, v STATE OF NEW YORK, Respondent.—Harvey, J. Appeal from a judgment in favor of the State, entered January 3, 1986, upon a decision of the Court of Claims (Murray, J.).

On July 4, 1982, claimant Patricia Ann Ahnert (hereinafter claimant) fell and broke her hip while at the Empire State Plaza in the City of Albany. The fall occurred at a curb at the east end of a crosswalk between two pools on the Plaza. Claimant filed a claim against the State alleging negligence in the design, construction and maintenance of the walking area where her fall occurred. Claimant asserted that a six-inch difference in elevation between the crosswalk and the main platform created a dangerous and defective condition which was the cause of her fall. By stipulation of the parties, the trial was bifurcated and the issue of liability was tried first. At the close of claimant's case, the State moved to dismiss the claim for failure to prove a prima facie case. The Court of Claims reserved its decision. The State then proceeded with its proof. Thereafter, the court rendered its decision in which it held that claimant failed to prove a prima facie case of negligence. The claim was dismissed and this appeal ensued.

Claimant's contention that the Court of Claims erred in ruling that she did not establish a prima facie case is unpersuasive. The court's written decision makes it clear that its judgment was based upon factual conclusions arrived at by weighing the evidence presented by both parties. In such situations, this court will not disturb the court's findings and determinations unless they are against the weight of the evidence or contrary to law *(see, Dizak v State of New York,* 124 AD2d 329).

At trial, it was undisputed that the stepdown curb at the end of the walkway where claimant fell was painted yellow to

highlight the presence of the curb. Claimant's purported expert, William Burrill, testified that the curb where claimant fell constituted a safety hazard because it was not easy to see. He opined that warning signs should have been present. Burrill admitted that the six-inch curb did not violate any building codes. Cross-examination revealed serious questions as to Burrill's qualifications as an expert. Further, his opinions were based primarily on his "common sense" and not on his purported expertise. On the other hand, the State called Raymond Webster, a licensed architect. He testified that the curb was a reasonable architectural practice, that it was not unsafe and that lowering or placing a ramp at the end of the walkway would not make the walkway safer, particularly in light of the yellow stripes painted at the end of the walkway. Further, photographs entered into evidence by the State which were taken near the time of the accident revealed that the yellow stripes on the curb were readily visible.

Claimant also attempted to establish the existence of a dangerous condition by relying on the reports of other accidents that had occurred at the curbs on the Plaza. As noted by the Court of Claims, however, these accidents were so factually distinct as to make them of little value. For example, one occurred at night while the injured person was running. In another, the victim was sick, suffering from dizziness and vomiting at the time of her fall.

Claimant also pointed to the State's installation of ramps at the ends of the walkway after the accident as evidence of its knowledge of a defective condition. Assuming that this evidence was admissible, it does not aid claimant's case since the competent evidence established that the purpose of the ramps was to provide access to the handicapped.

In light of the above evidence, as well as the other evidence produced at trial, we conclude that claimant failed to prove that the State was negligent.

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ. concur.