■ IRWIN I. SEEMAN, Appellant, v JOSEPH KRYSTOPHER et al., Respondents. [605 NYS2d 936] —In an action to recover moneys allegedly loaned to the defendants, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Velsor, J.H.O.), entered

December 7, 1990, as, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff brought suit to recover moneys which he claimed he had loaned to the defendants during the period from December 1982 through March 1986. The defendants, contending that the defendant Joseph Krystopher had performed building and renovation services for the plaintiff during that same period of time, counterclaimed for an amount greater than that sought by the plaintiff. The trial court, *inter alia,* dismissed the complaint stating that there was a palpable lack of credible evidence to support it.

Contrary to the plaintiff's contentions, it is clear from the trial court's written decision that its determination was based upon factual conclusions arrived at by weighing the evidence presented by both parties. In such situations, this Court will not disturb the trial court's findings unless they are against the weight of the evidence or contrary to law *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *see also, Schock v State of New York,* 168 AD2d 491; *Ahnert v State of New York,* 127 AD2d 927).

Based upon the conflicting testimony presented by the parties, it cannot be said that the trial court improperly dismissed the complaint. Although the plaintiff offered two checks which bore the notation "loan" on them, the defendants offered testimony which countered the plaintiff's claim, and the plaintiff did not rebut the defendants' evidence. The other documents offered by the plaintiff failed to show that he had intended to make loans to the defendants. Moreover, by his own testimony, the plaintiff discredited a document purporting to be a business record of the loan transactions. He first claimed that it was a business record, but then he stated that it was a recapitulation and his own personal record. On the other hand, the defendants offered proof, that during the time period in question, the defendant Joseph Krystopher had been working for the plaintiff and had sought payment for his services on many occasions. Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.