■ Albert Colao et al., Appellants, v Community Programs Center of Long Island, Inc., Respondent. [814 NYS2d 747]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 1, 2004, which granted the

defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs allege that while the injured plaintiff, Albert Colao, was delivering flowers to the defendant's premises, he sustained injuries when he tripped over a curb leading from the parking area to the walkway entrance in front of the premises. Specifically, the plaintiffs claim that a fence separated the parking area from the walkway and access through the fence was provided by a gate. The walkway was elevated approximately six inches above the surface of the parking area and the gate and fence were positioned on the parking area surface directly in front of the curb of the elevated walkway. Upon opening the gate and stepping through it, while carrying a vase of flowers, a clipboard and a cell phone, Albert Colao tripped over the curb and fell. The plaintiffs allege that the presence of a fence and gate directly in front of the curb constituted a dangerous or defective condition. The Supreme Court granted the defendant's motion for summary judgment. We affirm.

In support of its motion, the defendant proffered, inter alia, Albert Colao's deposition transcript and a copy of a photograph which he acknowledged during his deposition depicted the location of the occurrence. The Supreme Court properly determined that the defendant demonstrated its prima facie entitlement to summary judgment and that, in opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The existence of a raised curb on the other side of the fence and gate did not constitute an inherently dangerous condition and was readily observable by the use of one's senses (see generally Capozzi v Huhne, 14 AD3d 474 [2005]; Bilinski v Bank of Richmondville, 12 AD3d 911 [2004]; Bryant v Superior Computer Outlet, 5 AD3d 343, 344 [2004]). Albert Colao admitted seeing the fence, opening the gate, and being aware that a sidewalk was situated on the other side of the fence. His contention that the fence concealed the raised curb from view is belied by the photograph of the subject area and the undisputed fact that one could see through the fence's chain links. Further, the plaintiffs presented no evidence that the condition complained of constituted a trap or snare (see Morris v Greenburgh Cent. School Dist. No. 7, 5 AD3d 567, 568 [2004]).

The parties' remaining contentions have been rendered academic in light of this determination or are otherwise without merit. Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.