■ Mohamed Nasseeruddin, Appellant, v Mark Zucker et al., Respondents. (And a Third-Party Action.) [831 NYS2d 214]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Rockland County (Weiner, J.), entered October 5, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and (2), as limited by his brief, from so much of an order of the same court dated February 2, 2006, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered October 5, 2005 is dismissed, as that order was superseded by the order dated February 2, 2006 made upon reargument; and it is further,

Ordered that the order dated February 2, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In response to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the condition he complained of, a raised concrete platform abutting a building at the edge of a blacktop parking lot, was not an inherently dangerous condition (see Colao v Community Programs Ctr. of Long Is., Inc., 29 AD3d 723 [2006]; Ahnert v State of New York, 127 AD2d 927 [1987]). Since the plaintiff failed to show the existence of a triable issue of fact as to whether the platform was in any way defective or dangerous, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (see Grgich v City of New York, 2 AD3d 680 [2003]).

In light of this determination, we need not reach the parties' remaining contentions. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.