■ JACK SANDLER et al., Appellants, v JAYANTI V. PATEL, Respondent. (And a Third-Party Action.) [733 NYS2d 131] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated August 3, 2000, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Jack Sandler fell and was injured while descending stairs in a building owned by the defendant. Sandler tripped on an alleged defect in the stairs he had previously seen while ascending them. The plaintiffs commenced this action to recover damages for personal injuries. The defendant successfully moved for summary judgment dismissing the complaint, and this appeal ensued.

Initially, we note that the defendant's contention that the defective condition was open and obvious was properly considered by the Supreme Court because the plaintiffs had an opportunity to respond to it (see, Held v Kaufman, 91 NY2d 425, 430).

"Liability under * * * common-law negligence will not attach when the dangerous condition complained of was open and obvious" (Panetta v Paramount Communications, 255 AD2d 568), "particularly where * * * the plaintiff was actually aware of the condition" (Gonzalez v Fastflex, Inc., 270 AD2d 229). Since the alleged defect upon which the injured plaintiff tripped and fell was readily observable by a reasonable use of one's senses (see, Thomas v Price-Mart Inc., 267 AD2d 374;

*Campanaro v Arizona Lipnob Estates,* 259 AD2d 581) and the injured plaintiff saw and was aware of the alleged defect before the accident (*see, Patel v Corporate Park Dev. Assocs.,* 275 AD2d 313; *Gonzalez v Fastflex, Inc., supra*), the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. S. Miller, J. P., Luciano, Schmidt and Smith, JJ., concur.