■ JOHN SIMMONS et al., Respondents, v SAM'S EAST, INC., Doing Business as SAM'S CLUB, et al., Appellants, et al., Defendant. [740 NYS2d 218] —In an action to recover damages for personal injuries, etc., the defendants Sam's East, Inc., doing business as Sam's Club and Wal-Mart Stores, Inc., appeal from an order of the Supreme Court, Westchester County (Cowhey, J.), entered July 3, 2001, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

There is no duty on the part of a landowner to warn against a condition that is readily observable by those employing the reasonable use of their senses (*see Hughey v Wal-Mart,* 275 AD2d 441; *Cherry v Hofstra,* 274 AD2d 443; *Meyer v Tyner,* 273 AD2d 364; *Paulo v Great Atl. & Pac. Tea Co.,* 233 AD2d 380).

The appellants established a prima facie case that the concrete barrier over which the injured plaintiff fell was clearly visible (*see Dominitz v Food Emporium,* 271 AD2d 640; *Plessias v Scalia Home for Funerals,* 271 AD2d 423). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court erred in denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. S. Miller, J.P., Krausman, H. Miller and Adams, JJ., concur.