■ IDA GIBBONS, Respondent, v LIDO AND POINT LOOKOUT FIRE DISTRICT et al., Appellants, et al., Defendants. [740 NYS2d 440] —In an action to recover damages for personal injuries, the defendants Lido and Point Lookout Fire District and Matthew Thompson appeal from an order of the Supreme Court, Nassau County (DeMaro, J.), dated April 6, 2001, which denied their

motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellants.

The appellant Matthew Thompson was hosting a holiday party in the firehouse owned by the appellant Lido and Point Lookout Fire District. There were two cement parking blocks located on the floor of the firehouse about two feet from the wall. Prior to the commencement of the party, a folding chair was placed over the end of each parking block, and an orange cone with balloons attached was placed next to each chair. As the plaintiff was leaving the party, she tripped over the end of one of the parking blocks, injuring herself.

The appellants demonstrated their prima facie entitlement to summary judgment. The subject parking block was not an inherently dangerous condition and was readily observable by the reasonable use of one's senses. There was no claim that the firehouse was inadequately lit at the time of the party. The appellants therefore did not breach any duty to the plaintiff (*see Tresgallo v Danica,* 286 AD2d 326; *Chiranky v Marshalls, Inc.,* 273 AD2d 266; *Dominitz v Food Emporium,* 271 AD2d 640; *Plessias v Scalia Home for Funerals,* 271 AD2d 423; *Paulo v Great Atl. & Pac. Tea Co.,* 233 AD2d 380). In opposition to the motion, the plaintiff failed to present evidence sufficient to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment (*see Gibbons v Lido & Point Lookout Fire Dist.,* 293 AD2d 647 [decided herewith]). S. Miller, J.P., O'Brien, McGinity and Crane, JJ., concur.