[767 NYS2d 40]

Denise Cupo, Respondent, v Michael Karfunkel et al., Appellants, et al., Defendants. (And a Third-Party Action.)

Second Department, October 27, 2003

## APPEARANCES OF COUNSEL

*Dougherty, Ryan, Giuffra, Zambito & Hession*, New York City *(Robert J. Giuffra* and *Elliot Gaztambide, Jr.*, of counsel), for appellants.

*Chelli & Bush*, Staten Island *(Marvin Ben-Aron* of counsel), for respondent.

*Richard W. Babinecz*, New York City *(Helman R. Brook* of counsel), for Consolidated Edison Company of New York, Inc., defendant.

*Michael A. Cardozo, Corporation Counsel*, New York City *(Francis F. Caputo* and *Elizabeth I. Freedman* of counsel), for City of New York, defendant.

## OPINION OF THE COURT

Townes, J.

On this appeal we are asked to consider whether proof that an allegedly dangerous condition on real property is "open and obvious" precludes a finding of liability against a landowner. Recognizing that our decisions on this issue may appear inconsistent, we take this opportunity to clarify that the open and obvious nature of an allegedly dangerous condition is relevant to the issue of the comparative fault of the plaintiff and does not preclude a finding of liability against the landowner.

The plaintiff Denise Cupo was employed as a courier for Federal Express Corporation (hereinafter Fed Ex) when she was injured while making a delivery to the appellants' building in Brooklyn. The plaintiff was pulling a manual hydraulic lift loaded with boxes across the public sidewalk from her truck toward the delivery entrance at the appellants' building when the lift suddenly stopped and turned over, allegedly causing the plaintiff to lose her balance and fall to the ground. The plaintiff claims that, as a result of the accident, she suffered a herniated disc in her lumbar spine which required surgical intervention.

The plaintiff testified at her examination before trial that the front wheel of the lift caught in a depressed area of the sidewalk

where the sidewalk met the metal grille of a four-by-eleven feet transformer vault installed and maintained by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Edison). The manual lift and pallet used by the plaintiff to transport the boxes were provided by the appellant American Stock Transfer Co., which received Fed Ex deliveries of 15 to 30 large heavy boxes daily. The plaintiff commenced this action and asserts that the City of New York, as the owner of the sidewalk, Con Edison, as the owner of the transformer vault, the appellants, as the owner of the property abutting the public sidewalk, and two tenants of the appellants' building were negligent in that they created or allowed the continued existence of a dangerous condition in the uneven, sunken, and depressed sidewalk near the metal grating, and that the condition caused her to fall.

Following the completion of discovery, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that, as abutting landowners, they were not responsible for the defect that allegedly caused the plaintiff's injury because the defect was on a public sidewalk owned by the City and near a grille over a vault owned by Con Edison. The appellants also contended that, in any event, they owed no duty to the plaintiff because the condition that allegedly caused her to fall was open and obvious and known to her, as she had previously delivered boxes to that property.

The plaintiff, Con Edison, and the City opposed the motion, arguing that, even though the appellants did not own the sidewalk where the plaintiff fell, the appellants' use of the sidewalk as a driveway to serve their building's loading docks was a special benefit unrelated to the public use, and they therefore had a duty to maintain the sidewalk in a safe condition. The plaintiff annexed to her papers in opposition to the motion the affidavit of an engineer who opined that the defect in the sidewalk that allegedly caused the plaintiff's fall was created by heavy truck traffic driving over the edge of the transformer vault, which caused the sidewalk to crack and break up.

The Supreme Court, inter alia, denied the motion, holding that the plaintiff raised an issue of fact as to whether the alleged defect was caused by the appellants' special use of the sidewalk. The Supreme Court further held that the issue of whether the alleged defect was open and obvious was significant only as to the plaintiff's comparative fault and would not relieve

the appellants of liability altogether so as to entitle them to summary judgment.

The appellants do not dispute on appeal that the plaintiff raised a triable issue of fact as to whether the defect was caused by their special use of the sidewalk (*see Vought v Hemminger,* 220 AD2d 580, 582 [1995]). However, they argue that, regardless of whether they created the defect, they were entitled to summary judgment because there is no duty to warn or protect a person from a condition that is open and obvious and can easily be observed with the reasonable use of the senses.

A landowner "must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Peralta v Henriquez,* 100 NY2d 139, 144 [2003], quoting *Basso v Miller,* 40 NY2d 233, 241 [1976]). "Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to determine whether any duty exists, taking into consideration the reasonable expectations of the parties and society generally. The scope of any such duty of care varies with the foreseeability of the possible harm" (*Tagle v Jakob,* 97 NY2d 165, 168 [2001]).

The scope of a landowner's duty to maintain property in a reasonably safe condition may also include the duty to warn of a dangerous condition. However, a landowner has no duty to warn of an open and obvious danger. Unless a hazard is latent, a person entering the property is just as aware as the landowner of the condition of the property and the risks associated with it (*see Tagle v Jakob, supra* at 169-170). Here, the evidence submitted on the motion established that the condition of the sidewalk was readily observable and that the plaintiff often traversed the sidewalk. Accordingly, we agree with the appellants' contention that they had no duty to warn the plaintiff of the sidewalk defect.

Apart from the duty to warn of dangerous conditions on the property, a landowner also has a concomitant duty to keep the property in a reasonably safe condition for those who use it (*see Basso v Miller, supra*). Our decisions have been inconsistent, however, as to whether proof that a dangerous condition is open and obvious precludes a finding of liability against a landowner or, instead, is merely relevant to the issue of the plaintiff's comparative negligence (*compare Sandler v Patel,* 288 AD2d 459 [2001], *and Campanaro v Arizona Lipnob Estates,* 259 AD2d

581 [1999], *with Acevedo v Camac*, 293 AD2d 430 [2002], *and Massucci v Amoco Oil Co.*, 292 AD2d 351 [2002]).

Where a plaintiff has presented evidence that a dangerous condition exists on the property, the burden shifts to the landowner to demonstrate that he or she exercised reasonable care under the circumstances to remedy the condition and to make the property safe, based on such factors as the likelihood of injury to those entering the property and the burden of avoiding the risk. Evidence that the dangerous condition was open and obvious cannot relieve the landowner of this burden. Indeed, to do so would lead to the absurd result that landowners would be least likely to be held liable for failing to protect persons using their property from foreseeable injuries where the hazards were the most blatant. We agree with the recent decision of the Appellate Division, Third Department, in *MacDonald v City of Schenectady* (308 AD2d 125 [2003]) and hold that proof that a dangerous condition is open and obvious does not preclude a finding of liability against a landowner for the failure to maintain the property in a safe condition but is relevant to the issue of the plaintiff's comparative negligence. Accordingly, our decisions which stand for the broad proposition that liability under a theory of common-law negligence will not attach when the allegedly dangerous condition is open and obvious should no longer be followed (*see e.g. Sandler v Patel, supra; Bojovic v New York City Hous. Auth.*, 284 AD2d 356 [2001]).

In holding that the open and obvious nature of a condition is relevant to the issue of the plaintiff's comparative negligence, we emphasize that this will be an issue only in cases where it can reasonably be argued that a dangerous condition existed on the property which the landowner was under a duty to remedy. We do not suggest that a court is precluded from granting summary judgment to a landowner on the ground that the condition complained of by the plaintiff was both open and obvious *and, as a matter of law, was not inherently dangerous* (*see e.g. Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646 [2002] [cement parking block on floor of a firehouse]; *Connor v Taylor Rental Ctr.*, 278 AD2d 270 [2000] [forklift in a marked stall in a parking lot]; *Plessias v Scalia Home for Funerals*, 271 AD2d 423 [2000] [concrete parking divider]; *Maravalli v Home Depot U.S.A.*, 266 AD2d 437 [1999] [sink vanity on the floor of the store aisle]). In such circumstances, the condition which caused the accident cannot fairly be attributed to any negligent maintenance of the property.

In the instant case, the evidence presented an issue of fact as to whether the appellants fulfilled their obligation to maintain the sidewalk in a reasonably safe condition. The Supreme Court properly determined that the open and obvious condition of the sidewalk did not absolve the appellants of liability but instead presented an issue of fact as to the plaintiff's comparative fault. Accordingly, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them was properly denied and the order is affirmed insofar as appealed from.

ALTMAN, J.P., KRAUSMAN and RIVERA, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.