■ Jang Hee Lee et al., Respondents, v Sung Whun Oh et al., Appellants. [771 NYS2d 134]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Dollard, J.), dated May 20, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

A landowner "must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view

of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Peralta v Henriquez*, 100 NY2d 139, 144 [2003]). The scope of the duty varies with the foreseeability of the potential harm (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]). There is, however, no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d 48 [2003]).

The approximately three-meter-wide by one-meter-deep empty, artificial cement pond upon which the plaintiff Jang Hee Lee tripped and fell was not, as a matter of law, an inherently dangerous condition and was readily observable by the reasonable use of one's senses (*see Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646, 647 [2002]; *Simmons v Sam's E.*, 293 AD2d 596, 597 [2002]; *Plessias v Scalia Home for Funerals*, 271 AD2d 423 [2000]). The accident occurred at approximately 1:00 P.M. on a clear day when the cement pond was plainly visible. Jang Hee Lee previously visited the premises on approximately 15 prior occasions and therefore was aware of the pond's existence and precise location (*see Tagle v Jakob, supra; Czorniewy v Mosera*, 298 AD2d 352 [2002]; *Germain v Hegedus*, 289 AD2d 443 [2001]).

Moreover, even if the report of the plaintiffs' expert was in admissible form (*see Washington v City of Yonkers*, 293 AD2d 741, 742 [2002]), the provisions of the Administrative Code of City of New York upon which he relied, i.e., Administrative Code of City of New York §§ 27-127 and 27-128, are nonspecific and reflect only the general duty to maintain premises in a safe condition (*see Ahmad v City of New York*, 298 AD2d 473, 474 [2002]; *Dixon v Nur-Hom Realty Corp.*, 254 AD2d 66, 67 [1998]). The appellants therefore did not breach a duty to the plaintiffs, and in opposition to the motion the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.