◼ DIANE MAGGIORE et al., Respondents, v 269 NORTH BROADWAY ASSOCIATES, Appellant, and WARBURTON HUDSON REALTY CORP. et al., Respondents. (And a Third-Party Action.) (Action No. 1.) ALLENDALE MUTUAL INSURANCE COMPANY, Plaintiff, v INCORPORATED VILLAGE OF DOBBS FERRY et al., Defendants. (Action No. 2.) PATRICIA CULLINANE, Respondent, v 269 NORTH BROADWAY ASSOCIATES et al., Defendants. (Action No. 3.) KENNETH ABATO, Respondent, v MOLLY ROSENKAMPFF et al., Defendants, and 269 NORTH BROADWAY ASSOCIATES, Appellant. (Action No. 4.) [774 NYS2d 381]—

In four related actions, inter alia, to recover damages for injury to property, 269 North Broadway Associates, a defendant in all four actions, appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (La Cava, J.), dated May 17, 2001, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it in Action Nos. 1 and 4, and (2) an order of the same court entered March 12, 2003, as upon reargument and renewal, adhered to its original determination.

Ordered that the appeal from the order dated May 17, 2001, is dismissed, as that order was superseded by the order entered March 12, 2003, made upon reargument and renewal; and it is further,

Ordered that the order entered March 12, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs in Action No. 1.

The Supreme Court properly denied that branch of the motion of 269 North Broadway Associates (hereinafter NBA) which was for summary judgment dismissing the complaints in Actions Nos. 1 and 4 insofar as asserted against it.

A landlord "must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk" (*Cupo v Karfunkel,* 1 AD3d 48, 51 [2003] [internal quotation marks omitted]).

In opposition to NBA's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised triable issues of fact as to whether NBA acted reasonably under all of the circumstances, and whether it maintained the building in a reasonably safe condition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The plaintiffs submitted an engineer's expert affidavit which raised issues of fact as to whether the cellular telephone antennae and related equipment contributed to the spread of the subject fire. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.