■ WILLIAM CAPOZZI, Appellant, v ROBERT HUHNE, Respondent. [788 NYS2d 152]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered April 6, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While a landowner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all the circumstances (*see Basso v Miller*, 40 NY2d 233 [1976]), there is "no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (*Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473, 474 [2004]; *see Cupo v Karfunkel*, 1 AD3d 48 [2003]).

The clear and undisputed evidence establishes, as a matter of law, that the gravel walkway into which a decorative cement slab was incorporated did not create an inherently dangerous condition. Any difference in elevation between the lawn of the subject premises and the gravel and the slab was readily observable to those employing the reasonable use of their senses and did not present an undue risk of harm (*see Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646, 647 [2002]; *Simmons v Sam's E.*, 293 AD2d 596, 597 [2002]; *Plessias v Scalia Home for Funerals*, 271 AD2d 423 [2000]).

The plaintiff's injury cannot fairly be attributed to an unsafe condition on the property. The injury resulted from the course of conduct that the plaintiff's coworker decided to pursue while moving a heavy object (*see Macey v Truman,* 70 NY2d 918 [1987]; *Mattes v Joseph,* 282 AD2d 506 [2001]). Under these circumstances, the Supreme Court properly granted the defendant's motion for summary judgment. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.