■ CYNTHIA FITZGERALD, Appellant, v SEARS, ROEBUCK AND COMPANY, Respondent. [793 NYS2d 164]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ambrosio, J.), dated April 10, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that she sustained injuries when her foot struck a floor-to-ceiling tiled wall that she encountered upon opening a ladies' room door at the defendant's store. In support of its motion for summary judgment dismissing the complaint, the defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). The wall in question did not constitute an inherently dangerous condition (*see Cupo v Karfunkel,* 1 AD3d 48 [2003]). There was simply no evidence presented by the plaintiff demonstrating that the protruding wall had the characteristics of a trap or snare (*see Morris v Greenburgh Cent. School Dist. No. 7,* 5 AD3d 567 [2004]). The plaintiff's deposition testimony established that the wall was readily visible upon opening the door. Such a wall is precisely the type of claimed hazard that would necessarily be noticed by any careful observer, so as to make a warning superfluous (*see Canetti v AMCI, Ltd.,* 281 AD2d 381 [2001]; *Wint v Fulton St. Art Gallery,* 263 AD2d 541 [1999]; *cf. Westbrook v WR Activities-Cabrera Mkts.,* 5 AD3d 69 [2004]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert provided no details regarding exact measurements or specific violations of the New York City Building Construction Code. His conclusory belief that the wall violated that code, without more, was insufficient to raise an issue of fact (*cf. Raimondo v St. Andrew's R.C. Church Socy. of Town of Tonawanda,* 247 AD2d 875 [1998]). Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.