■ John Cotto et al., Respondents, v New York City Housing Authority, Appellant. [794 NYS2d 84]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 9, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On July 28, 2000, the eight-year-old plaintiff John Cotto allegedly was injured when he tripped over a garbage bag lying near a garbage can in a courtyard within a housing project owned by the defendant. At the time of the accident, Cotto was playing a game of "tag" with several other children, and was walking backward to retreat from another child who was chasing him. The Supreme Court denied the defendant's motion for summary judgment. We reverse.

The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The garbage bag upon which Cotto allegedly tripped was readily observable and not an inherently dangerous condition (*see Bryant v Superior Computer Outlet*, 5 AD3d 343, 344 [2004]; *Hecht v 281 Scarsdale Corp.*, 3 AD3d 551, 552 [2004]; *Brown v Basics USA*, 3 AD3d 546 [2004]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the defendant was entitled to summary judgment. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.