■ LILLIAN ERRETT, Appellant, v GREAT NECK PARK DISTRICT, Respondent. [837 NYS2d 701]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), entered March 29, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

While walking over a flower bed in the defendant's park, the plaintiff tripped and fell as a result of an elevation differential that existed adjacent to a stone wall which separated the flower bed and the surrounding grassy area. The plaintiff subsequently commenced the instant action, alleging that the accident proximately resulted from negligence of the part of the defendant.

"While a landowner must act as a reasonable person in maintaining his or her property in a reasonably safe condition in view of all the circumstances (see Basso v Miller, 40 NY2d 233 [1976]), there is 'no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous' " (Capozzi v Huhne, 14 AD3d 474, 474 [2005]; see Cupo v Karfunkel, 1 AD3d 48 [2003]). In this case, the evidence submitted by the defendant in support of its motion for summary judgment dismissing the complaint established, prima facie, that the terraced nature of the park, including its flower beds and stone walls, did not create an inherently dangerous condition. Any elevation difference existing between the two sides of the stone wall was readily observable to those employing the reasonable use of their senses, and did not present an undue risk of harm (see Capozzi v Huhne, supra).

The plaintiff's affidavit, wherein she averred that the accident was caused by inadequate illumination, was clearly designed to avoid the consequences of her earlier testimony in

which she admitted that she generally had no difficulty in seeing the flower bed or the garden prior to the accident (*see Irving v Foodtown Supermarket*, 288 AD2d 345 [2001]). Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.