JOAN KAUFMANN et al., Appellants, v LERNER NEW YORK, INC., Respondent. [838 NYS2d 181]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 13, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. A property owner has a duty to maintain his or her property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233 [1976]; *Fernandez v Edlund*, 31 AD3d 601, 602 [2006]; *Capozzi v Huhne*, 14 AD3d 474 [2005]). Nevertheless, a property owner has "no

duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (*Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473, 474 [2004]; *see Pirie v Krasinski*, 18 AD3d 848, 849 [2005]; *Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522, 523 [2005]; *Capozzi v Huhne, supra*; cf. *Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that the placement of a rolling clothing rack inside of a dressing room area corridor was not inherently dangerous and that the plaintiff had observed the clothing rack before her accident, in which she tripped over the clothing rack while attempting to step over its base (*see Capozzi v Huhne, supra*; *Calderon v Nyack Hosp.*, 293 AD2d 562 [2002]; *Chiranky v Marshalls, Inc.*, 273 AD2d 266 [2000]; *Binensztok v Marshall Stores*, 228 AD2d 534, 535 [1996]). In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.