■ DIANE VIDAL, Appellant, v LAKESIDE PLAZA, INC., Respondent, et al., Defendant. [849 NYS2d 785]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered July 6, 2006, which, upon granting the motion of the defendant Lakeside Plaza, Inc., pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, is in favor of the defendant Lakeside Plaza, Inc., and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiff claims that her fall on property owned by the defendant Lakeside Plaza, Inc. (hereinafter Lakeside), was caused by the height of the curb and slope of the pavement in the parking lot. At the close of the trial on the issue of liability, the court granted Lakeside's motion pursuant to CPLR 4401 for judgment as a matter of law in its favor.

We agree with the trial court that the evidence established that the condition of the curb and parking lot was open and obvious and not inherently dangerous *(see Colao v Community Programs Ctr. of Long Is., Inc.,* 29 AD3d 723 [2006]; *Plessias v Scalia Home for Funerals,* 271 AD2d 423 [2000]). Accordingly, the court properly granted Lakeside's motion and dismissed the complaint insofar as asserted against Lakeside.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.