■ Arlene Terranova, Respondent, v Staten Island University Hospital, Appellant. [870 NYS2d 84]—

A landowner is under no duty to protect or warn against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d 522 [2005]; *Orlando v Audax Constr. Corp.*, 14 AD3d 500 [2005]; *Capozzi v Huhne*, 14 AD3d 474 [2005]; *Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473 [2004]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). Here, the plaintiff allegedly was injured when she tripped on the footrest of a wheelchair in a hospital room. The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the presence of the wheelchair was open and obvious, known to the plaintiff, and not inherently dangerous (*see Mastellone v City of New York*, 29 AD3d 540 [2006]; *Fitzgerald v Sears, Roebuck & Co.*, 17 AD3d at 522; *Weiner v Saks Fifth Ave.*, 266 AD2d 390 [1999]; *Lamia v Federated Dept. Stores*, 263 AD2d 498 [1999]; *Sewer v Fat Albert's Warehouse*, 235 AD2d 414 [1997]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Spolzino, J.P., Florio, Carni and Leventhal, JJ., concur.