■ Fred Seelig et al., Respondents, v Burger King Corporation, Defendant and Third-Party Plaintiff-Appellant. A&J's Pro Lawn, Inc., Third-Party Defendant-Appellant. [888 NYS2d 123]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 5, 2008, as denied its motion for summary judgment dismissing the complaint, and the third-party defendant separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint are granted.

The injured plaintiff alleged that, as he traversed a mulched area of premises owned by the defendant third-party plaintiff, Burger King Corporation (hereinafter Burger King), his left foot sunk down into the mulch. He allegedly lost his balance, struck a concrete abutment with his right foot, and fell. The injured plaintiff and his wife, suing derivatively, commenced this action against Burger King. Burger King then commenced a third-party action against its landscaper, the third-party defendant, A&J's Pro Lawn, Inc. (hereinafter A&J). The Supreme Court denied Burger King's motion for summary judgment dismissing the complaint and A&J's separate motion for summary judgment dismissing the complaint, and they separately appeal.

The Supreme Court erred in denying the motions. The appellants, who relied on, among other things, authenticated photographs of the accident site, clearly established that the condition of the mulched area and the concrete abutment was open and obvious and not inherently dangerous as a matter of law (see DiGeorgio v Morotta, 47 AD3d 752 [2008]; Errett v Great Neck Park Dist., 40 AD3d 1029 [2007]; Sclafani v Washington Mut., 36 AD3d 682 [2007]; Capozzi v Huhne, 14 AD3d 474 [2005]; Jang Hee Lee v Sung Whun Oh, 3 AD3d 473 [2004]; Stanton v Town of Oyster Bay, 2 AD3d 835 [2003]; Cupo v Karfunkel, 1 AD3d 48 [2003]; D'Angelo v DeLucia, 283 AD2d 385 [2001]). In response to the appellants' demonstration of their prima facie entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Moreover, the plaintiffs failed to demonstrate how further discovery might yield mate-

rial facts which would warrant denial of summary judgment (*see Casey v Clemente,* 31 AD3d 361 [2006]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.