■ Sam Russ, Appellant, v Aharon Fried et al., Respondents, et al., Defendant. [901 NYS2d 703]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated March 23, 2009, as granted the motion of the defendants Aharon Fried and Rivka Fried for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 8, 2002, at approximately 8:30 P.M., the plaintiff allegedly stumbled and fell to the ground while stepping down to the roadway of 48th Street from the lip of the driveway on the property of the defendants Aharon Fried and Rivka Fried (hereinafter together the defendants) in the Borough Park section of Brooklyn. At the time of the occurrence, the plaintiff was wearing an ankle brace to stabilize his right ankle, which he had injured 12 days earlier when he stepped into a pothole. As a result of the subject accident, the plaintiff allegedly reinjured his right ankle. The plaintiff subsequently commenced the present action, alleging that the height differential between the lip of the driveway and the roadway on 48th Street constituted a dangerous and defective condition. After joinder of issue, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court properly granted the motion. Although a property owner has a duty to maintain his or her property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233 [1976]; *Capozzi v Huhne*, 14 AD3d 474 [2005]), there is "no duty to protect or warn against an open and obvious condition, which, as a matter of law, is not inherently dangerous" (*Fernandez v Edlund*, 31 AD3d 601, 602 [2006]). Here, the defendants demonstrated their entitlement to judgment as a matter of law by submitting evidence, inter alia, in the form of photographs of the accident scene, showing that the height differential between the lip of the driveway and the adjacent roadway was not inherently dangerous and could have been readily observed by the reasonable use of one's senses (*id.*). In opposition, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]). The plaintiff's statement in his affidavit that it was dark at the time of the accident and, accordingly, that the height differential was not noticeable, presented a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony that lighting conditions at the time of the occurrence were "fine" (*see Denicola v Costello*, 44 AD3d 990 [2007]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.