■ SINKIA CARSON, an Infant, by his Mother and Natural Guardian, PATRICIA CARSON, Respondent, v BALDWIN UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendant. [910 NYS2d 117]—

In an action to recover damages for personal injuries, the defendant Baldwin Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered April 2, 2010, as denied that branch of its motion which was for summary judgment dismissing the first cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleges that on September 27, 2007, the infant plaintiff was exiting the gymnasium of his high school at the direction of his gym teacher. As he approached the exit doors, he slipped or tripped on a volleyball net that was lying across the floor in front of the exit doors, and was injured. The infant plaintiff, by his mother, commenced this action against Baldwin Union Free School District (hereinafter the District) and Baldwin Senior High School. The complaint contained two causes of action. The first alleged that the defendants were responsible for the presence of a hazardous condition. The second alleged negligent supervision. The District moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the District's motion which was for summary judgment dismissing the second cause of action, sounding in negligent supervision, and the plaintiff did not appeal or cross-appeal from this part of the order. The Supreme Court denied that branch of the District's motion which was for summary judgment dismissing the first cause of action, which was based on the defendants' alleged negligence in creating or allowing a dangerous condition to exist. We affirm the order insofar as appealed from.

"A landowner 'must act as a reasonable [person] in maintain-

ing his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Cupo v Karfunkel*, 1 AD3d 48, 51 [2003], quoting *Peralta v Henriquez*, 100 NY2d 139, 144 [2003]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). The owner, however, has no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous (*see Cupo v Karfunkel*, 1 AD3d at 52; *Salomon v Prainito*, 52 AD3d 803, 805 [2008]; *see also Kaufmann v Lerner N.Y., Inc.*, 41 AD3d 660, 661 [2007]).

Here, the fact that the alleged condition was open and obvious was not disputed. However, the District failed to establish, prima facie, that the condition consisting of the placement of the volleyball netting across the floor in front of the gymnasium doors was also not inherently dangerous as a matter of law (*see Cooper v American Carpet & Restoration Servs., Inc.*, 69 AD3d 552 [2010]; *Salomon v Prainito*, 52 AD3d 803 [2008]; *see generally Cupo v Karfunkel*, 1 AD3d 48 [2003]). Accordingly, the Supreme Court properly denied that branch of the District's motion which was for summary judgment dismissing the first cause of action insofar as asserted against it.

In light of our determination, we need not reach the plaintiff's remaining contention. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur. [**Prior Case History: 2010 NY Slip Op 30806(U).**]