■ RUTH ROBINSON, Appellant, v 206-16 HOLLIS AVE. FOOD CORP., Doing Business as COMPARE FOODS, Respondent. [918 NYS2d 161]—

The plaintiff allegedly tripped and fell over a display at the end of a merchandise rack which was between aisles in the defendant's grocery store. The display consisted of two small metal wire stands, each with four legs. On top of the stands was a

board. Three five-gallon buckets containing pigs' tails for sale were upright on the board.

The plaintiff commenced this action to recover damages for personal injuries. She alleged that the defendant created a dangerous condition as a result of its negligent placement of the display. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint on the ground that the display was open and obvious and that the condition was not inherently dangerous as a matter of law. The Supreme Court granted the motion. We reverse.

The defendant submitted with its motion for summary judgment, inter alia, photographs of the scene taken shortly after the incident occurred, and the plaintiff's deposition transcript. The photographs show that the top of the buckets was approximately 1½ to 2 feet above the floor. The display was at the end of a merchandise rack between two aisles. The plaintiff testified at her deposition that she did not see the display until she had already tripped over it upon making a turn after exiting an aisle.

"A store owner is charged with the duty of maintaining its premises in a reasonably safe condition for its patrons" (*Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]). To be entitled to summary judgment, the defendant was required to show, prima facie, that it maintained its premises in a reasonably safe condition and that the display, which as a matter of law was not inherently dangerous, was open and obvious (*see Carson v Baldwin Union Free School Dist.*, 77 AD3d 878 [2010]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]; *see generally Neiderbach v 7-Eleven, Inc.*, 56 AD3d 632, 633 [2008]).

Here, viewing the evidence submitted in support of the defendant's motion for summary judgment in the light most favorable to the plaintiff (*see Hantz v Fishman*, 155 AD2d 415, 416 [1989]), the defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law by establishing that it maintained the premises in a reasonably safe condition and that the display was open and obvious (*see Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]; *Teleschevsky v Red Apple Fruit & Grocery Corp.*, 71 AD3d 667 [2010]; *Sanchez v Toys "R" Us*, 303 AD2d 165 [2003]; *see also Carpenter v 130 W. Merrick, Inc.*, 71 AD3d 715 [2010]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]). Florio, J.P., Belen, Lott and Austin, JJ., concur.