■ TANYA CAPASSO et al., Appellants, v VILLAGE OF GOSHEN et al., Respondents. (And a Third-Party Action.) [922 NYS2d 567]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated February 18, 2010, as granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents.

On November 23, 2006, the plaintiff Tanya Capasso (hereinafter the plaintiff) exited from the passenger side of her car in front of her aunt's house on Murray Avenue in the Village of Goshen. After taking a few steps and while looking straight ahead, the plaintiff fell from the edge of the newly paved curb onto the adjoining lawn and allegedly sustained injuries.

The plaintiff commenced this action sounding in negligence against the Village, who had instituted a repaving project on Murray Avenue, Harness Estates, LLC, which owned a nearby housing development connected with the project, and the contractors and subcontractors who participated in the project. The evidence established that "wings" were included to elevate the edge of the curb along Murray Avenue to address the local problem of inadequate storm drainage, which resulted in a curb 8-to-10 inches higher than the adjoining lawn where the plaintiff fell.

The Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them. "A landowner has a duty to maintain its premises in a reasonably safe manner" (*Rivas-Chirino v Wildlife Conservation Socy.*, 64 AD3d 556, 557 [2009]; *see Basso v Miller*, 40 NY2d 233 [1976]; *Russ v Fried*, 73 AD3d 1153, 1154 [2010]). However, "there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (*Fernandez v Edlund*, 31 AD3d 601, 602 [2006] [internal quotation marks omitted]; *see Russ v Fried*, 73 AD3d at 1154; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). Although the question of whether a condition is hidden or open and obvious is generally for the finder of fact to determine, the court may determine that a risk is open and obvious as a matter of law where clear and undisputed evidence compels such a conclusion (*see Tagle v Jakob*, 97 NY2d 165, 169 [2001]; *cf. Cupo v Karfunkel*, 1 AD3d 48 [2003]; *Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646 [2002]).

The defendants demonstrated their prima facie entitlement

to judgment as a matter of law by submitting evidence that the 8-to-10 inch height differential between the edge of the curb from which the plaintiff fell and the adjacent lawn was not inherently dangerous and was readily observable by the reasonable use of one's senses (*see Russ v Fried*, 73 AD3d 1153 [2010]; *DiGeorgio v Morotta*, 47 AD3d 752 [2008]; *Errett v Great Neck Park Dist.*, 40 AD3d 1029 [2007]; *Fernandez v Edlund*, 31 AD3d 601 [2006]; *Capozzi v Huhne*, 14 AD3d 474 [2005]). In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.