■ EMORY NESBITT et al., Appellants, v TOWN OF POUGHKEEP-SIE, Respondent. [930 NYS2d 914]—

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. "A landowner has a duty to maintain its premises in a reasonably safe manner" (*Capasso v Village of Goshen*, 84 AD3d 998, 999 [2011] [internal quotation marks omitted]; *see Basso v Miller*, 40 NY2d 233 [1976]; *Russ v Fried*, 73 AD3d 1153, 1154 [2010]). "However, there is no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous" (*Capasso v Village of Goshen*, 84 AD3d at 999 [internal quotation marks omitted]; *see Russ v Fried*, 73 AD3d at 1154; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). "Although the question of whether a condition is hidden or open and obvious is generally for the finder of fact to determine, the court may determine that a risk is open and obvious as a matter of law where clear and undisputed evidence compels such a conclusion" (*Capasso v*

*Village of Goshen*, 84 AD3d at 999; *see Tagle v Jakob*, 97 NY2d 165, 169 [2001]; *cf. Cupo v Karfunkel*, 1 AD3d 48 [2003]; *Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646 [2002]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence to demonstrate that, under the circumstances of this case, the condition complained of was not inherently dangerous and was readily observable by the reasonable use of one's senses (*see Capasso v Village of Goshen*, 84 AD3d at 999-1000). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Chambers and Lott, JJ., concur.