Order, Supreme Court, New York County (Cynthia S. Kern, J), entered January 8, 2013, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its entitlement to judgment as a matter of law in this action where plaintiff was injured when she allegedly tripped and fell over a display rack in the aisle of de *475 fendant’s store. Defendant demonstrated that the display rack was an open and obvious condition and was not inherently dangerous (see e.g. Schulman v Old Navy/Gap, Inc., 45 AD3d 475 [1st Dept 2007]). Defendant referred to plaintiffs testimony that she saw the display rack before the accident and submitted photographs of the rack showing its open and obvious nature, and that it was placed in a reasonably safe location. The photographs also show that the base did not protrude into the aisle, was essentially flush with the shelves above, and that the rack was placed flat against the shelving in the aisle, which was clear and uncluttered (see Gonzalez v Dong Yun Corp., 110 AD3d 484 [1st Dept 2013]; Speirs v Dick’s Clothing & Sporting Goods, 268 AD2d 581 [2d Dept 2000]).
In opposition, plaintiff failed to raise a triable issue of fact. Contrary to her argument that the display rack was placed at the end of the aisle such that she did not have sufficient time to perceive it upon turning into the aisle, the evidence, including her testimony, shows that the rack was located at least several feet into the aisle (compare Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69 [1st Dept 2004]; Robinson v 206-16 Hollis Ave. Food Corp., 82 AD3d 735 [2d Dept 2011]). Moreover, plaintiff stated that she noticed the rack before the accident, and her expert’s affidavit fails to raise a triable issue, and was conclusory and speculative (see e.g. Vazquez v JRG Realty Corp., 81 AD3d 555 [1st Dept 2011]).
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Mazzarelli, J.E, Andrias, DeGrasse, Feinman and Kapnick, JJ.