■ KRISTI MUCCIARIELLO, Respondent, v A & D HYLAN BOULEVARD ASSOCIATES, LLC, Appellant. [19 NYS3d 574]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated March 20, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff, who was employed at premises owned by the defendant, allegedly was injured on the walkway leading to the building. The plaintiff alleged that she moved to the side of the walkway to make room for a person in a wheelchair when her left foot tipped over the edge of the walkway and stepped into a bed of decorative stones. The plaintiff was aware that there was a difference in elevation between the cement walkway and the abutting bed of decorative stones. After the incident, the plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that its property was not in a hazardous condition. The Supreme Court denied the motion, and we reverse.

"A landowner must act as a reasonable [person] in maintaining his [or her] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Cupo v Karfunkel*, 1 AD3d 48, 51 [2003] [internal quotation marks omitted]; *see Basso v Miller*, 40 NY2d 233, 241 [1976]). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective

condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Egan v Emerson Assoc., LLC*, 127 AD3d 806, 807 [2015]). A landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous (*see Capasso v Village of Goshen*, 84 AD3d 998, 999 [2011]; *DiGeorgio v Morotta*, 47 AD3d 752 [2008]; *Capozzi v Huhne*, 14 AD3d 474 [2005]).

Here, the evidence submitted by the defendant in support of its motion, including photographs of the accident site, demonstrated, prima facie, that it was entitled to judgment as a matter of law. Contrary to the plaintiff's contention, the height differential between the cement walkway and the abutting bed of stones was open and obvious and not inherently dangerous (*see Witkowski v Island Trees Pub. Lib.*, 125 AD3d 768, 770 [2015]; *Capasso v Village of Goshen*, 84 AD3d at 999-1000; *DiGeorgio v Morotta*, 47 AD3d 752 [2008]; *Errett v Great Neck Park Dist.*, 40 AD3d 1029 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.