■ Kenneth Bellamy, Appellant, v Starrett City, Inc., et al., Respondents. [22 NYS3d 565]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated July 28, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 19, 2009, the plaintiff allegedly was injured as he attempted to exit from the driver's side door of a vehicle while it was parked in the semi-circular front driveway of the defendants' residential apartment building. The plaintiff alleged that his vehicle moved forward due to the slope of the driveway and that the driver's side door made contact with a canopy support column, which narrowed the width of the driveway. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that the condition of the driveway was open and obvious and not inherently dangerous. The Supreme Court granted the motion.

A property owner has a duty to keep his or her property in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). However, a landowner does not have a duty to protect or warn against an open and obvious condition, which, as a matter of law, is not inherently dangerous (*see Errett v Great Neck Park Dist.*, 40 AD3d 1029 [2007]; *Cupo v Karfunkel*, 1 AD3d 48, 52

[2003]). Here, the evidence submitted by the defendants in support of their motion, including photographs of the driveway, was sufficient to establish, prima facie, that the condition of the driveway, including the location of the canopy support columns, was open and obvious and not inherently dangerous (*see Ulrich v Motor Parkway Props., LLC*, 84 AD3d 1221, 1222-1223 [2011]; *Vidal v Lakeside Plaza, Inc.*, 48 AD3d 456 [2008]; *Errett v Great Neck Park Dist.*, 40 AD3d 1029 [2007]; *Cupo v Karfunkel*, 1 AD3d at 52). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. Contrary to the plaintiff's contention, section 27-458 of the Administrative Code of the City of New York, which applies to ramps in public garages, and section 27-470 of the Administrative Code of the City of New York, which applies to ramps in open parking structures, do not apply to this driveway.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.