Costidis v City of New York (2018 NY Slip Op 01901)





Costidis v City of New York


2018 NY Slip Op 01901


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-05639
 (Index No. 701929/12)

[*1]Anthony Costidis, appellant,
v City of New York, et al., respondents.


Charles R. Sabel, New York, NY, for appellant.
Havkins, Rosenfeld, Ritzert & Varriale, LLP, New York, NY (Farng-Yeong Foo, Jaclyn Schianodicola, and Carla Varriale of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), dated April 13, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On July 15, 2011, the plaintiff, while walking on a walkway after parking his car at a lot located on the Citi Field complex in Queens, allegedly was injured within the defendants' exterior grounds when he fell due to a difference in elevation between the walkway, which consisted of patio pavers, and an abutting tree bed. In June 2012, the plaintiff commenced this action against the defendants. After discovery, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the alleged condition was open and obvious and not inherently dangerous. The Supreme Court granted the motion, determining that the condition was trivial and therefore not actionable. The plaintiff appeals. We affirm, albeit on a different ground.
An owner of property or tenant in possession of real property has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann, 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241). However, there is no duty to protect or warn of conditions that are not inherently dangerous and that are readily observable by the reasonable use of one's senses (see Capasso v Village of Goshen, 84 AD3d 998, 999; Cupo v Karfunkel, 1 AD3d 48, 51). Here, the defendants established, prima facie, that the difference in elevation between the surface of the walkway and the surface of the tree bed was not inherently dangerous and was readily observable by the reasonable use of one's senses (see Witkowski v Island Trees Pub. Lib., 125 AD3d 768, 770; Capasso v Village of Goshen, 84 AD3d at 999-1000; Seelig v Burger King Corp., 66 AD3d 986). In opposition, the plaintiff failed to raise a triable issue of fact.
In light of our determination, we need not reach the issue of whether the alleged condition was trivial.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court