Espinosa v Fairfield Props. Group, LLC (2018 NY Slip Op 02769)





Espinosa v Fairfield Props. Group, LLC


2018 NY Slip Op 02769


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2015-11167
 (Index No. 3196/13)

[*1]Luz D. Espinosa, appellant, 
v
Fairfield Properties Group, LLC, et al., respondents.


Jason C. Altman, P.C., Melville, NY (Jennifer Ettenger of counsel), for appellant.
Margaret G. Klein & Associates (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Arshia Hourizadeh], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated September 1, 2015. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured on property owned by the defendants when she stepped from a red-brick walkway onto an adjacent lawn and fell on a downwardly sloped strip of gray-colored cement situated between the walkway and the grass. The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the amended complaint, and the Supreme Court granted the motion. The plaintiff appeals.
A landowner has a duty to maintain its property in a reasonably safe manner (see Basso v Miller, 40 NY2d 233, 241; Behrens v North Merrick Fruits, Inc., 148 AD3d 972, 973). "The owner, however, has no duty to protect against an open and obvious condition provided that, as a matter of law, the condition is not inherently dangerous" (Salomon v Prainito, 52 AD3d 803, 805; see Genefar v Great Neck Park Dist., 156 AD3d 762; Cupo v Karfunkel, 1 AD3d 48, 52).
Here, the evidence submitted by the defendants in support of their motion, including photographs of the accident site that were authenticated by the plaintiff, established, prima facie, that the cement area at issue was, as a matter of law, readily observable and not inherently dangerous (see Mucciariello v A & D Hylan Blvd. Assoc., LLC, 133 AD3d 726, 727; Capasso v Village of Goshen, 84 AD3d 998, 999; Russ v Fried, 73 AD3d 1153, 1154; Errett v Great Neck Park Dist., 40 AD3d 1029; Capozzi v Huhne, 14 AD3d 474). In opposition, even considering the affidavit of the plaintiff's expert, which failed to set forth his qualifications in detail, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court