Frissora v Lutheran Hous. Dev. Fund Corp. at Concord Vil. (2026 NY Slip Op 00494)

Frissora v Lutheran Hous. Dev. Fund Corp. at Concord Vil.

2026 NY Slip Op 00494

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-04462
 (Index No. 50450/22)

[*1]Dorothy Frissora, appellant, 
vLutheran Housing Development Fund Corporation at Concord Village, etc., respondent.

Law Office of Steven M. Melley, PLLC, Rhinebeck, NY, for appellant.
Smith Sovik Kendrick & Sugnet P.C., Syracuse, NY (Karen G. Felter and John D. Goldman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Thomas R. Davis, J.), dated April 19, 2024. The order granted the defendant's motion for summary judgment dismissing the amended complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries she allegedly sustained on the afternoon of July 9, 2021, when she tripped and fell on a curb in front of the defendant's residential independent living facility as she was walking from a driveway onto a sidewalk. After issue was joined, the defendant moved for summary judgment dismissing the amended complaint, arguing, inter alia, that the condition complained of was open and obvious and not inherently dangerous. The plaintiff cross-moved for summary judgment on the issue of liability. In an order dated April 19, 2024, the Supreme Court granted the defendant's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"A property owner has a duty to maintain his or her property in a reasonably safe condition" (Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831; see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Williams v E & R Jamaica Food Corp., 202 AD3d 1028, 1029). However, there is no duty to protect or warn against conditions that are not inherently dangerous and that are open and obvious (see Blackwood v E.S.F. Transp., Inc., 231 AD3d 923, 925; Lebron v City of New York, 208 AD3d 656, 657). "'[T]o obtain summary judgment, a defendant must establish that a condition was both open and obvious and, as a matter of law, was not inherently dangerous'" (Ferruzzi v Village of Saltaire, 219 AD3d 1310, 1311, quoting Masker v Smith, 188 AD3d 867, 868; see Torres v La Borinquena HDFC, Inc., 229 AD3d at 832; Cupo v Karfunkel, 1 AD3d 48, 52).
Here, in support of its motion, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the alleged hazardous condition was open and obvious and not inherently dangerous (see Anderson v East Hills Subaru, Inc., 222 AD3d 606, 607). The defendant's evidence established, among other things, that the plaintiff was aware of the curb, [*2]that the curb was readily observable since there existed a clear color differential between the curb and the asphalt driveway, and that the area was well lit (see Ferruzzi v Village of Saltaire, 219 AD3d at 1311; Rosenman v Siwiec, 196 AD3d 523, 525; Genefar v Great Neck Park Dist., 156 AD3d 762, 763). The mere presence of a height differential in portions of the top of the curb did not create an inherently dangerous condition (see Graffino v City of New York, 162 AD3d 990, 990-991; Espinosa v Fairfield Props. Group, LLC, 160 AD3d 927, 927; Mucciariello v A & D Hylan Blvd. Assoc., LLC, 133 AD3d 726).
In opposition, the plaintiff failed to raise a triable issue of fact (see D.S. v Sachem Cent. Sch. Dist., 223 AD3d 925, 926; Lebron v City of New York, 208 AD3d at 657). Moreover, for similar reasons, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the amended complaint and denied the plaintiff's cross-motion for summary judgment on the issue of liability.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court